**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JEAN DEWITT, | ) CIVIL ACTION NO. |
| Plaintiff, | ) 1:18-CV-00094-WES-LDA |
| vs. | ) |
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2007-NCW, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SPECIALZED LOAN SERVICING, LLC, | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Wells Fargo Bank, N.A. as Trustee for the MASTR Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW (incorrectly named as Wells Fargo Bank, N.A. as Trustee for MASTR Asset Backed Securities Trust 2007-NCW) ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Specialized Loan Servicing, LLC (incorrectly named as Specialzed Loan Servicing, LLC) ("SLS," and collectively, "Defendants") hereby move for summary judgment against Plaintiff Jean Dewitt ("Plaintiff").

Plaintiff's claims fail for several reasons. First, R.I. Gen. Laws § 34-11-22 bars all of her claims because the foreclosure sale has already taken place. Second, the claim in Count I – that the foreclosure sale and assignment of mortgage from MERS are void because New Century terminated its contract with MERS – has no merit. Plaintiff transferred legal title to MERS as mortgagee by executing a mortgage dated February 23, 2007, and therefore, MERS had every

right to assign that mortgage to a third party.  Third, even if Plaintiff had not transferred legal title to MERS as mortgagee and MERS was acting solely as a "nominee" for New Century, , MERS was acting as nominee of New Century and its "successor and assigns," pursuant to the express terms of the mortgage.  As a result, because New Century transferred ownership of the subject loan to its successors before any alleged termination of the contract between MERS and New Century, the termination of the contract is irrelevant to the validity of the assignment and does not render it void.  Lastly, the doctrine of res judicata bars Count I in light of the prior Bankruptcy action filed by Plaintiff and the order granting a motion for relief from stay filed by Wells Fargo as the assignee of the mortgage and holder of the underlying note.

Similarly, Count II  has no merit.  Plaintiff claims that the notice of default failed to advise her of a right to reinstate the subject loan after acceleration.  However, Plaintiff's assertions have no basis in fact because the notice of default expressly advised her of this right. For these reasons, Defendants are entitled to judgment as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

Plaintiff executed a promissory note (the "Note"), dated February 23, 2007, in favor of New Century Home Loans, Inc. ("New Century") memorializing an obligation to repay a loan in the principal amount of $276,000.00 with an initial fixed interest rate of 10.500% per annum (the "Loan").  (Defendants' Statement of Undisputed Material Facts ("SMF") ¶ 1.)  The Note required Plaintiff to make monthly payments of principal and interest until the Loan was paid in full, but not later than February 23, 2047.  (*Id*. ¶ 2.)  To secure payment of the Note, on February 23, 2007, Plaintiff executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), "as mortgagee and nominee for [New Century] *and [New Century's] successors and assigns*."  (*Id*. ¶ 3 (emphasis added.))  The Mortgage provides in bold

-2-

typeface, "**MERS is the mortgagee under this Security Instrument**." (*Id*. ¶ 4.)  It also

provides, under the heading entitled, "TRANSFER OF RIGHTS IN THE PROPERTY," that

"[Plaintiff] does hereby mortgage, grant and convey **to MERS**, (solely as nominee for Lender

and Lender's successors and assigns) **and to the successors and <u>assigns</u> <u>of</u> <u>MERS</u>**, … the

following described property located in …" *Id*. (emphasis added).  The Mortgage conveyed and

encumbered real property located at 177 Magill Street, Pawtucket, Rhode Island 02860 (the

"Property").  (*Id*. ¶ 5.)  The Mortgage was recorded in the Office of the City Clerk, Pawtucket,

Rhode Island (the "Land Records") on February 23, 2007 in Book 2822 at Page 323.  (*Id*. ¶ 6.)

With respect to the mortgagee's obligation to provide notice of a default to Plaintiff, as

borrower, Paragraph 22 of the Mortgage expressly provides that "[t]he notice shall further inform

Borrower of the right to reinstate after acceleration and the right to bring a court action to assert

the non-existence of a default or any other defense of Borrower to acceleration and sale." (*Id*. ¶

7.)  Paragraph 19 of the Mortgage provides that the borrower may have enforcement of the

Mortgage discontinued after acceleration, so long as she reinstates the Loan pursuant to the

conditions set forth in Paragraph 19.  (*Id*. ¶ 8.)  Paragraph 19 does not contain any requirement

that a notice of any type be provided to Plaintiff.  (*Id*. ¶ 9.)  Pursuant to the terms of the

Mortgage, Plaintiff agreed that the Mortgage would be discharged only if payments were made

in accordance with the terms of the Note.  (*Id*. ¶ 10.)

Effective April 3, 2007, New Century sold its interest in the Note and transferred its

servicing rights in the Loan to Bank of America, N.A. ("Bank of America").  (*Id*. ¶ 11.)

On April 2, 2007, New Century filed for Bankruptcy under Chapter 11 of the U.S.

Bankruptcy Code in the United States Bankruptcy Court, District of Delaware, which was

assigned Docket No. 1:07-bk-10416-KJC.  (*Id*. ¶ 12.)  On March 19, 2008, New Century filed a

Notice of Rejection of Executory Contract in the Bankruptcy case, allegedly rejecting its "Membership Application and Agreement" with MERS.  (*Id*. ¶ 13.)[1]

In February 2008, Plaintiff defaulted on her obligations under the Note and Mortgage by failing to make the payment due.  (*Id.* ¶ 14.)

On September 13, 2013, MERS executed an assignment of mortgage to Wells Fargo (the "Assignment"), which was recorded in the Land Records on September 26, 2013 in Book 3654 at Page 124.  (*Id.* ¶ 15.)  SLS is the current servicer of the Loan.  (*Id.* ¶ 16.)

On April 14, 2014, Plaintiff filed a Chapter 13 Bankruptcy Petition (the "Petition") in the United States Bankruptcy Court for the District of Rhode Island (Providence), which was assigned Petition No. 14-10848 (the "Bankruptcy Action").  (*Id.* ¶ 17.)[2]  In her Petition, Plaintiff specifically lists the Loan as an arrearage and notes "Debtor is seeking a loan modification outside the bankruptcy court and outside the plan.  Debtor is anticipating a successful modification that will incorporate the arrearage amount into a modification."  (*Id.* ¶ 18.)

On September 4, 2014, Wells Fargo filed a motion for relief from the automatic stay (the "Motion for Relief") to foreclose "a mortgage which it holds on real property known and numbered as 177 Magill Street, Pawtucket, R.I. 02860."  (*Id.* ¶ 19.)  In the Motion for Relief, Wells Fargo clearly indicated that it was the assignee of the Mortgage by virtue of an assignment

---

[1] Pursuant to Rule 201 (b) and (c) of the Rhode Island Rules of Evidence, the Court can take judicial notice of facts which are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. . . . A court shall take judicial notice if requested by a party and supplied with the necessary information."  R.I. Evid. 201(b), (c). Rhode Island Courts have explained that judicial notice will "only apply to those aspects of a court record that cannot be reasonably disputed*." Curreri v. Saint*, 126 A.3d 482, 486 (R.I. 2015) (quoting *In re Michael A.,* 552 A.2d 368, 370 (R.I.1989) (internal citations omitted) (holding Court can take judicial notice of court documents). *See Island Tr. Co. v. Leone*, No. NC890061, 1990 WL 1243745, at *1 (R.I. Super. Ct. Jan. 26, 1990) (taking judicial notice in summary judgment of grand jury indictment in considering motion for summary judgment).
[2] *See id.*

dated September 19, 2013, which was recorded with the Land Records.  (*Id.*)  Plaintiff objected to the Motion for Relief on September 22, 2014, arguing that she should be given "an opportunity to market the property and pursue a short sale" and, in the alternative, "she would be willing to execute a deed in lieu of foreclosure in order to avoid the potentially adverse effect that a foreclosure and advertising would have on her business."  (*Id.* ¶ 20.)  Plaintiff did not argue or raise in the objection a claim that Wells Fargo was not the owner of the Loan or the assignee of the Mortgage.  (*Id.*)  After oral argument, on October 1, 2014, the Bankruptcy Court granted the Motion for Relief to permit Wells Fargo "to pursue its legal remedies under applicable non-bankruptcy law with respect to 177 Magill Street, Pawtucket, RI."  (*Id.* ¶ 21.)

Following Plaintiff's failure to comply with her obligations under the Note and Mortgage, SLS, as servicer for the Loan, sent notice to Plaintiff of her default, dated January 17, 2017 (the "Notice of Default").  (*Id.* ¶ 22.)  In pertinent part, the Notice of Default provides as follows:

> Our client informs us that you are in breach of the conditions of the loan documents […] In order to cure the default, you are required to pay, on or before February 17, 2017 (or if that date falls on a weekend or a holiday, the next business day thereafter), the Total Amount Due as set forth above plus any additional amounts that may become due prior to the date the default is cured. Failure to cure the default on or before the date specified in this notice may result in acceleration of the sums secured by your Mortgage and sale of the property. ***This notice further informs you of the right to reinstate after acceleration and the right to bring a court action to assert non-existence of a default or any other defense you might have to acceleration and sale***.

(*Id.* ¶ 23; emphasis added.)

Notwithstanding the Notice of Default, Plaintiff did not cure the default by February 17, 2017, did not seek to reinstate the Loan after acceleration, and did not bring a court action to assert the non-existence of a default or other defense to the acceleration or a sale.  (*Id.* ¶ 24.)

Thereafter, on June 29, 2017, Defendants held a foreclosure sale at the Property, and recorded a foreclosure deed in the Land Records on August 7, 2017 at Book 74121, Page 294.  (*Id.* ¶ 25.)

On January 18, 2018 – more than seven (7) months after the sale –  Plaintiff filed this action.  *See* Compl.  Plaintiff's Complaint contains two claims.  In Count I, Plaintiff seeks a declaratory judgment that the foreclosure sale is void and an injunction prohibiting the conveyance of the Property and any further foreclosure or eviction action.  Compl. ¶¶ 38-39. Specifically, Plaintiff claims that the Assignment by MERS is void because it occurred after New Century  allegedly rejected its contract with MERS as part of its bankruptcy case.  Compl. ¶ 28.

Count II for alleged breach of contract is based on the claim that the Notice of Default did not comply with the terms of the Mortgage because it did not advise her of the right to reinstate after acceleration as required by Paragraph 22.  *See, generally,* Compl.  Specifically, Plaintiff claims that the entire text of Paragraph 19 of the Mortgage must be included in the Notice of Default, otherwise the Loan cannot be accelerated and the lender cannot exercise the power of sale, resulting in a foreclosure sale that is void.  (*Id.* ¶ 54.)  For the reasons set forth below, Defendants are entitled to summary judgment on each of Plaintiffs claims, dismissing the Complaint with prejudice.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *Esposito v. Novartis Pharms. Corp.*, 130 F. Supp. 3d 622, 627 (1st Cir. 2015).  "[T]he factual conflicts relied upon by the nonmovant must be both genuine and material."  *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003).  "A dispute is genuine if the evidence about

-6-

the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008) (quoting *Sanchez v. Alvarado,* 101 F. 3d 223, 227 (1st Cir. 1996)). "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000) (quoting *Sanchez,* 101 F.3d at 227).

If the movant demonstrates the absence of a genuine issue of material fact, then the non-moving party must set forth "specific facts sufficient to deflect the swing of the summary judgment scythe." *Mulvihill,* 335 F.3d at 19. "[T]he nonmoving party 'may not rest upon the mere allegations or denials of [the] [adverse party's] pleadings…" *Santiago-Ramos*, 217 F.3d at 53 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986)). Furthermore, "[a] summary judgment motion 'cannot be defeated by relying upon conclusory allegations, improbable inferences, acrimonious invective, or rank speculation.'" *TranSched Sys. Ltd. v. Fed. Ins. Co.*, 67 F. Supp. 3d 523, 526 (D.R.I. 2014) (quoting *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010)).

## ARGUMENT

I.     **R.I. Gen. Laws § 34-11-22 Bars the Plaintiff from Challenging the Foreclosure Because the Foreclosure Sale Already Occurred.**

In both Counts of her Complaint, Plaintiff challenges the validity of the foreclosure sale which occurred many months before she filed her Complaint. *See* Compl., Count I (claiming "Plaintiff is entitled to a Court Order requiring that Wells Fargo take all necessary steps to restore legal title to her property as if no foreclosure sale had ever occurred."); *see* Compl., Count II (claiming "Plaintiff is entitled to be returned to her status and circumstances prior to the wrongful foreclosure and sale."). The statutory power of sale in Rhode Island is set forth in § 34-11-22 of the Rhode Island General Laws. That statute provides, in pertinent part, that a

-7-

foreclosure sale pursuant to the statutory power of sale "shall forever be a perpetual bar against the mortgagor and his, her or its heirs, executors, administrators, successors and assigns…." *Id.* Rhode Island law does not recognize a post-foreclosure right of redemption. *In re Medaglia*, 402 B.R. 530, 533 (Bankr. D.R.I. 2009) (citing R.I. Gen. Laws § 34-11-22).

In *140 Reservoir Avenue Associates v. Sepe Investments, LLC*, the successor-in-interest to the mortgagor sought, post-foreclosure, to invalidate a tax sale for lack of notice. 941 A.2d 805 (R.I. Super. Ct. 2007). The Court held that that the lower court erred in invalidating the sale because any interest the mortgagor had in the property "was forever barred by the foreclosure sale" pursuant to § 34-11-22. *Id.* at 812 (citing 4 Richard R. Powell, *Powell on Real Property* § 37.46 at 37-317 (2007) ("[Following the foreclosure sale], the equity court ceases to be concerned with the mortgagor in relation to the land.").

Here, following Plaintiff's breach of her obligations under the Note and Mortgage, Defendants conducted a foreclosure sale on June 29, 2017, foreclosing on Plaintiff's right of redemption in the Mortgage. (SMF ¶ 25.) Plaintiff did not file this action until January 18, 2018. *See* Compl. Therefore, she did not assert her claim that the foreclosure sale was invalid until long after the foreclosure sale had occurred. For that reason, her untimely claims seeking that the foreclosure sale be undone "are forever barred by the foreclosure sale" pursuant to § 34-11-22. Accordingly, Defendants are entitled to judgment as a matter of law on Counts I and II of the Complaint.

## II. Plaintiff's Purported Claim for Declaratory Judgment and Injunctive Relief Must Fail.

### a. Plaintiff Lacks Standing to Challenge the Assignment of Mortgage.

In Count I, Plaintiff alleges that she is entitled to a Court Order rescinding the Assignment and other equitable relief on the grounds that MERS did not have the authority to

assign the Mortgage, rendering the Assignment void.  Even if Plaintiff's claims were not barred by § 34-11-22, this claim has no merit and fails because Plaintiff does not have standing to challenge the Assignment.

Rhode Island law is clear that a mortgagor lacks standing to challenge an assignment of mortgage if her claims would render the assignment of mortgage "merely voidable at the election of one party but otherwise effective to pass legal title."  *Clark v. Mortg. Elec. Registration Sys., Inc.*, 7 F. Supp. 3d 169, 175 (D.R.I. 2014) (holding allegations that signatory has no authority, that no power of attorney was recorded, robo-signing, and mortgage and note not held by same entity would not render mortgage void and, therefore, borrower lacked standing) (citing *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013); *Cosajay v. Mortg. Elec. Registration Sys., Inc.*, 980 F. Supp. 2d 238 (D.R.I. 2013); *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527, 536 (R.I. 2013)).

The Rhode Island Supreme Court specifically eliminated any mortgagor's challenge to an assignment where the alleged flaws in assignments would render them merely voidable, instead limiting challenges to where the assignment would be "invalid, ineffective, or void."  *Mruk*, 82 A.3d at 536.  Only where the assignor "never properly held the mortgage and, thus, had no interest to assign" or where the assignor "'never possessed a legally transferable interest' in the mortgage," would an assignment be void.  *Clark*, 7 F. Supp. 3d at 176 (quoting *Culhane*, 708 F.3d at 291 and *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013)).  Further, Rhode Island has recognized that "MERS's role of mortgagee of record and custodian of the bare legal interest as nominee for the member-noteholder" applies in Rhode Island as well.  *Bucci v. Lehman Bros. Bank, FSB*, 68 A.3d 1069, 1088 (R.I. 2013) (quoting *Culhane*, 708 F.3d at 292).

Plaintiff claims that MERS did not have authority to assign the Mortgage after New Century filed a Notice of Rejection of Executory Contracts in the Bankruptcy case, allegedly rejecting its executory contract with MERS.  (Compl. ¶¶ 15-17.)  This statement, however, simply is not true.  The alleged contract between New Century and MERS is irrelevant.  New Century transferred its interest in the Loan to Bank of America effective April 3, 2007 (SMF ¶ 11), long before New Century filed the notice of rejection on March 19, 2008 (Compl. ¶¶ 15-17; SMF, Ex. 2.)  Moreover, Plaintiff expressly granted defeasible fee title for the property to MERS as the mortgagee, thereby giving MERS the right to assign that mortgage to a third party.[3]  (SMF ¶ 3.)  Thus, at most, New Century's contract repudiation could only *possibly* affect MERS's nominee relationship.  It did not, and could not, do anything to magically undo Plaintiff's direct conveyance of defeasible fee title to MERS.  Put another way, MERS remained the defeasible title holder of the property, even after New Century's bankruptcy filing and subsequent alleged repudiation of contract with MERS.  Plaintiff has not, and cannot, point to any language in the Bankruptcy Code or Rhode Island law that involuntarily disgorged fee title to the property from MERS's possession or placed it into New Century's possession.   Nor can Plaintiff point to any act by New Century demonstrating its effort to obtain title to *this property* from MERS.

Also, even if MERS was not the mortgagee holding legal title to the Property, and it held the mortgage only in the capacity as nominee for New Century, the Mortgage clearly states that MERS was nominee for New Century and its "successors and assigns."  Here, New Century transferred ownership of the loan to a third party prior to the filing of the Notice of Rejection in

---

[3] "Rhode Island is a title-theory state, in which 'a mortgagee not only obtains a lien upon the real estate by virtue of the grant of the mortgage deed but also obtains legal title to the property subject to defeasance upon payment of the debt.'"  *140 Reservoir Ave. Assocs. v. Sepe Investments, LLC*, 941 A.2d 805, 811 (R.I. 2007) (citing *In re D'Ellena*, 640 A.2d 530, 533 (R.I.1994)).

2008. As a result, the alleged rejection of the contract between New Century and MERS did nothing to prevent MERS from assigning a mortgage as nominee for the "successor and assigns" of New Century.

For the above reason, MERS properly held the Mortgage at the time of the Assignment and had the right to assign the mortgage. *See Clark*, 7 F. Supp. 3d at 176 (holding that only where the assignor "never properly held the mortgage and, thus, had no interest to assign" or where the assignor "'never possessed a legally transferable interest' in the mortgage," would an assignment be void (quoting *Culhane*, 708 F.3d at 291 and *Woods*, 733 F.3d at 354)). Thus, because the Plaintiff fails to make a proper challenge to the assignment that would render it void, and not merely voidable, she lacks standing to challenge the assignment. *See Mruk*, 82 A.3d at 536.

### b. Count I Is Barred By the Doctrine of Res Judicata.

Further, the Bankruptcy Action also bars Count I under the doctrine of res judicata. "Res judicata, or claim preclusion, prohibits the relitigation of all issues that were tried or might have been tried in the original suit." *Bossian v. Anderson*, 991 A.2d 1025, 1027 (R.I. 2010) (quoting *Carrozza v. Voccola*, 962 A.2d 73, 78 (R.I. 2009)). Res judicata applies when the following three elements are met: "(1) identity of parties, (2) identity of issues, and (3) finality of judgment in an earlier action." *Reynolds v. First NLC Fin. Servs., LLC*, 81 A.3d 1111, 1115 (R.I. 2014) (quoting *E.W. Audet & Sons, Inc. v. Fireman's Fund Ins. Co. of Newark,* 635 A.2d 1181, 1186 (R.I. 1994)). Identity of parties is satisfied when a party can show that the parties in the second action are the same or in privity with the parties in the first action. *Id*. Identity of parties is determined by applying the "broad 'transactional' rule" and, therefore, "res judicata 'precludes

-11-

the relitigation of "all or any part of the transaction, or series of connected transactions, out of which the [first] action arose."'" *Id.* at 1116 (citations omitted).

In the present case, the elements for a claim of res judicata are satisfied. First, the parties are identical. Wells Fargo filed the Motion for Relief in the Bankruptcy Action and Plaintiff as the debtor filed an objection and opposed that motion. (SMF ¶ 19.) Second, there is an identity of issues. Wells Fargo filed the Motion for Relief as the owner of the Loan and assignee of the Mortgage seeking relief to foreclose. In fact, it expressly asserted in the motion that it was the assignee of the Mortgage by virtue of an assignment dated September 19, 2014, which was recorded with the land records. (*Id.*) In response to the filing of the Motion for Relief, Plaintiff had every opportunity to argue that the Bankruptcy Court should not allow Wells Fargo to pursue a foreclosure because the assignment was "void," as she now is trying to argue years later, and more than six (6) months after the foreclosure sale and five (5) months after the recording of the foreclosure deed. Although she was represented by counsel, she did not raise this issue and make this argument in her objection or during the hearing held by the Bankruptcy Court. Instead, she merely requested additional time to pursue a short sale or in the alternative, she offered to execute a deed in lieu of foreclosure "in order to avoid the potentially adverse effect that a foreclosure and advertising would have on her business." (*Id.* ¶ 20.)

Finally, Plaintiff did not appeal the order grating the motion for relief from stay and it is final. As a result, Plaintiff's claim in Count I is barred by the doctrine of res judicata, which prohibits "the relitigation of all issues that were tried or might have been tried in the original suit." *Bossian*, 991 A.2d at 1027 (quoting *Carrozza*, 962 A.2d at 78). Accordingly, Defendants are entitled to judgment as a matter of law.

### III. Plaintiff's Purported Claim for Breach of Contract Fails.

In Count II of the Complaint, Plaintiff claims that the notices of default sent to Plaintiff amounted to a breach of contract by Defendants with respect to the Mortgage. Compl., Count II. "To succeed on a breach of contract claim under Rhode Island law, plaintiff must prove that (1) an agreement existed between the parties, (2) the defendant breached the agreement, and (3) the breach caused (4) damages to the plaintiff." *Barkan v. Dunkin' Donuts, Inc.*, 627 F.3d 34, 39 (1st Cir. 2010) (footnote omitted). This purported claim fails because SLS is not a party to the Mortgage and Plaintiff cannot demonstrate that Defendants breached the Mortgage contract.

### a. Plaintiff's Breach of Contract Claim As Against SLS Fails Because SLS Is Not a Party to the Contract

Rhode Island Courts are clear that one cannot be held liable for a breach of contract to which it was not a party. *Infinite Grp., Inc. v. Spectra Sci. Corp.*, No. P.B. 99-4090, 2004 WL 2821641, at *6 (R.I. Super. Ct. Nov. 23, 2004) (where invoice shows that seller of product is not defendant). Indeed, in *Chanthavong v. John Doe Corp.*, a mortgage loan servicer moved for summary judgment on the borrower's breach of contract claim regarding the alleged failure to comply with the terms of the mortgage. No. CA 10-211 S, 2012 WL 6840496, at *1 (D.R.I. Nov. 19, 2012), *report and recommendation adopted*, 2013 WL 140414 (D.R.I. Jan. 11, 2013). The Court there held that the borrower's breach of contract claim failed as a matter of law, reasoning that the servicer was not a party to the mortgage. *Id.* at *3.

Here, like the borrower in *Chanthavong,* Plaintiff does not have a contract with the Loan's servicer, SLS. *See Chanthavong,* 2012 WL 6840496, at *1. She gave the Mortgage to MERS as mortgagee and nominee for New Century and New Century's successors and assigns. (SMF ¶ 3.) SLS later was assigned servicing rights to the Loan, but never had a legal interest in the Mortgage or any duty to perform under the Mortgage contract. (*Id.* ¶ 16.) Therefore,

Plaintiff cannot establish an essential element of her breach of contract claim against SLS, the existence of a valid contract between her and SLS.  It follows that SLS is entitled to judgment as a matter of law on Count II.

### b. As to All Defendants, Plaintiff's Claim for Breach of Contract Fails Because Defendants Complied with the Conditions Precedent in the Mortgage.

Plaintiff's purported claim for breach of contract against Defendants also fails as a matter of law because the undisputed terms of the Mortgage establish that Defendants complied with their contractual obligations.[4]  Plaintiff's entire claim for breach of contract is based on the allegation that Defendants were obligated to set forth the language in Paragraph 19 of the Mortgage in the Notice of Default required by Paragraph 22.  But nothing in the Mortgage requires the inclusion of this language in the Notice of Default.

In Rhode Island, pursuant to the power of sale as codified by Gen. Laws § 34-11-22, a mortgagee is permitted to sell the property of a mortgagor at a public auction after a mortgagor defaults on payment on the underlying note.  R.I. Gen. Laws § 34-11-22.  The foreclosing entity must comply with the terms of the mortgage before foreclosing pursuant to the power of sale. *See Boynton v. Fed. Hous. Fin. Agency*, No. C.A. 15-350, 2017 WL 4124240, at *3 (D.R.I. Sept. 15, 2017) (granting borrower's motion for summary judgment where lender did not comply with Paragraph 22 of the mortgage before foreclosure).

Plaintiff's purported claim is based on her misreading of Defendants' obligations under the Mortgage and her misstatement of the law.  In fact, Plaintiff seems to allege that Defendants were required to include language from Paragraph 19 of the Mortgage in the Notice of Default sent to Plaintiff.  Plaintiff is trying to read requirements into the Mortgage that do not exist.

---

[4]SLS does not waive its position in Section III(a) that it is not a party to the Mortgage contract. In Section III(b), Defendants refer to all Defendants' obligations under the contract solely for the sake of clarity.  (*See* Section III(a), *supra.*)

Paragraph 22 does not require the inclusion of language from Paragraph 19 in the Notice of Default; instead it requires that

> [t]he notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert non-existence of a default or other defense of Borrower to acceleration and sale.

(*Id.* ¶ 7.)  This is exactly what Defendants did in this case.  The Notice of Default forwarded to Plaintiff sets forth the identical language found in Paragraph 22 and expressly advises Plaintiff that she has

> *the right to reinstate after acceleration* and the right to bring a court action to assert the non-existence of a default or any other defense [the Plaintiff] might have to acceleration and sale.

(*Id.* ¶¶ 2-3) (emphasis supplied). Consequently, there is no validity to Plaintiff's claim that Defendants failed to strictly comply with the Mortgage.  Therefore, the claim for breach of contract in Count II fails as a matter of law.

In an effort to manufacture a claim, Plaintiff attempts to expand the law with the novel claim that Defendants were required to include the language contained in Paragraph 19 of the Mortgage in the Notice of Default.  (Compl. ¶ 54.) As explained, the Mortgage does not require the inclusion of Paragraph 19's reinstatement language in a Notice of Default and Plaintiff has not cited to any case law requiring the inclusion of such language.  Unlike Paragraph 22, which expressly requires the mortgagee to give notice of specific items, Paragraph 19, which outlines the rights of the parties with respect to a borrower's efforts to reinstate her loan, does not obligate the mortgagee to set forth the language of that paragraph in a notice.  In fact, the language of that paragraph does not require any notice.  (*Id.* ¶ 9.)

Rhode Island law is clear that "absent ambiguity, the plain meaning of the contract should govern." *State v. Med. Malpractice Joint Underwriting Ass'n*, No. 03-0743, 2005 WL

1377493, at *3 (R.I. Super. Ct. June 7, 2005); *Textron, Inc. v. Aetna Cas. & Sur. Co.*, 638 A.2d 537, 539 (R.I. 1994) ("When the terms [of a contract] are found to be clear and unambiguous, the task of judicial construction is at an end. The contract terms must then be applied as written and the parties are bound by them." (quoting *Malo v. Aetna Cas.& Sur. Co.*, 459 A.2d 954, 956 (R.I. 1983)). Paragraph 22 is clear and unambiguous. The notice must advise the borrower that there is a right to reinstate after acceleration. (SMF ¶ 7.) It does not obligate the mortgagee to set forth in a notice the language in Paragraph 19, and Paragraph 19 likewise does not impose that obligation. (*Id*.) As a result, Plaintiff's claim that Defendants breached the mortgage by failing to do something that they were not obligated to do fails as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court grant their motion for summary judgment because there are no material facts in dispute and Defendants are entitled to summary judgment as a matter of law.

Respectfully submitted,

WELLS FARGO BANK, N.A. AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SPECIALIZED LOAN SERVICING, LLC,

By their attorney,

*/s/ Joseph K. Scully*
Joseph K. Scully (#6217)
*jkscully@daypitney.com*
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
T: (860) 275-0135
F: (860) 881-2478

DATED:        May 1, 2018

-16-

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on May 1, 2018.

*/s/ Joseph K. Scully*
Joseph K. Scully