**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JEAN DEWITT, | ) CIVIL ACTION NO. |
| Plaintiff, | ) 1:18-CV-00094-WES-LDA |
| vs. | ) |
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2007-NCW, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SPECIALZED LOAN SERVICING, LLC, | ) |
| Defendants. | ) |

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants Wells Fargo Bank, N.A. as Trustee for the MASTR Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW (incorrectly named as Wells Fargo Bank, N.A. as Trustee for MASTR Asset Backed Securities Trust 2007-NCW), Mortgage Electronic Registration Systems, Inc., Specialized Loan Servicing, LLC (incorrectly named as Specialzed Loan Servicing, LLC) (collectively, "Defendants") hereby submit this Statement of Undisputed Material Facts, pursuant to Local Rule 56, in support of their motion for summary judgment against Plaintiff Jean Dewitt ("Plaintiff").

1. Plaintiff executed a promissory note (the "Note"), dated February 23, 2007, in favor of New Century Home Loans, Inc. ("New Century") memorializing an obligation to repay a loan in the principal amount of $276,000.00 with an initial fixed interest rate of 10.500% per annum (the "Loan"). (Affidavit of Cynthia Wallace ("SLS Aff.") ¶ 6, Ex. A.)

2. The Note required Plaintiff to make monthly payments of principal and interest until the Loan was paid in full, but not later than February 23, 2047. (*Id.*)

3. To secure payment of the Note, on February 23, 2007, Plaintiff executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), "as mortgagee and nominee for [New Century] *and [New Century's] successors and assigns*." (A true and correct copy of a certified copy of the Mortgage, in redacted form, is attached hereto as Exhibit 1.)

4. The Mortgage provides in bold typeface, "**MERS is the mortgagee under this Security Instrument**." It also provides, under the heading entitled, "TRANSFER OF RIGHTS IN THE PROPERTY," that "[Plaintiff] does hereby mortgage, grant and convey **to MERS**, (solely as nominee for Lender and Lender's successors and assigns) **and to the successors and assigns of MERS**, … the following described property located in …" (*Id*. at 1, 3.)

5. The Mortgage conveyed and encumbered real property located at 177 Magill Street, Pawtucket, Rhode Island 02860 (the "Property"). (*Id*. at 3.)

6. The Mortgage was recorded in the Office of the City Clerk, Pawtucket, Rhode Island (the "Land Records") on February 23, 2007 in Book 2822 at Page 323. (*Id*. at 1.)

7. With respect to the mortgagee's obligation to provide notice of a default to Plaintiff, as borrower, Paragraph 22 of the Mortgage expressly provides that "[t]he notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." (*Id*. at 13.)

8. Paragraph 19 of the Mortgage provides that the borrower may have enforcement of the Mortgage discontinued after acceleration, so long as she reinstates the Loan pursuant to the conditions set forth in Paragraph 19. (*Id.* at 11.)

9. Paragraph 19 does not contain any requirement that a notice of any type be provided to Plaintiff. (*Id.*)

10. Pursuant to the terms of the Mortgage, Plaintiff agreed that the Mortgage would be discharged only if payments were made in accordance with the terms of the Note. (*Id.*)

11. Effective April 3, 2007, New Century sold its interest in the Note and transferred its servicing rights in the Loan to Bank of America, N.A ("Bank of America"). (Affidavit of Nichole Renee Williams ("BANA Aff.") ¶ 5.)

12. On April 2, 2007, New Century filed for Bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court, District of Delaware, which was assigned Docket No. 1:07-bk-10416-KJC. (Compl. ¶¶ 15-17.)

13. On March 19, 2008, New Century filed a Notice of Rejection of Executory Contracts in the Bankruptcy case at Doc. 5408, allegedly rejecting its contract with MERS. ( (A true and correct copy of the Notice of Rejection of Executory Contracts is attached hereto as Exhibit 2.)

14. In February 2008, Plaintiff defaulted on her obligations under the Note and Mortgage by failing to make the payment due. (SLS Aff. ¶ 7.)

15. On September 13, 2013, MERS executed an assignment of mortgage to Wells Fargo (the "Assignment"), which was recorded in the Land Records on September 26, 2013 in Book 3654 at Page 124. (A true and correct copy of a certified copy of the Assignment is attached hereto as Exhibit 3.)

16. Specialized Loan Servicing, LLC ("SLS") is the current servicer of the Loan. (SLS Aff. ¶ 8.)

17. On April 14, 2014, Plaintiff filed a Chapter 13 Bankruptcy Petition (the "Petition") in the United States Bankruptcy Court for the District of Rhode Island (Providence), which was assigned Petition No. 14-10848 (the "Bankruptcy Action"). (A true and accurate copy of the Bankruptcy Petition is attached hereto as Exhibit 4.)

18. In her Petition, Plaintiff specifically lists the Loan as an arrearage and notes "Debtor is seeking a loan modification outside the bankruptcy court and outside the plan. Debtor is anticipating a successful modification that will incorporate the arrearage amount into a modification." (*Id.*)

19. On September 4, 2014, Wells Fargo filed a motion for relief from the automatic stay (the "Motion for Relief") to foreclose "a mortgage which it holds on real property known and numbered as 177 Magill Street, Pawtucket, R.I. 02860. In the Motion for Relief, Wells Fargo clearly indicated that it was the assignee of the Mortgage by virtue of an assignment dated September 19, 2014, which was recorded with the Land Records. (A true and accurate copy of the Motion for Relief is attached hereto as Exhibit 5.)

20. Plaintiff objected to the Motion for Relief on September 22, 2014, arguing that she should be given "an opportunity to market the property and pursue a short sale" and, in the alternative, "she would be willing to execute a deed in lieu of foreclosure in order to avoid the potentially adverse effect that a foreclosure and advertising would have on her business." Plaintiff did not argue or raise in the objection a claim that Wells Fargo was not the owner of the Loan or the assignee of the Mortgage. (A true and accurate copy of Plaintiff's Opposition to the Motion for Relief from Stay is attached hereto as Exhibit 6.)

21.     After oral argument, on October 1, 2014, the Bankruptcy Court granted the Motion for Relief "to pursue its legal remedies under applicable non-bankruptcy law with respect to 177 Magill Street, Pawtucket, RI."  (A true and accurate copy of the Court's Order is attached hereto as Exhibit 7.)

22.     Following Plaintiff's failure to comply with her obligations under the Note and Mortgage, SLS, as servicer for the Loan, sent notice to Plaintiff of her default, dated January 17, 2017 (the "Notice of Default").  (*Id.* ¶ 9, Ex. B.)

23.     In pertinent part, the Notice of Default provides as follows:

> Our client informs us that you are in breach of the conditions of the loan documents […] In order to cure the default, you are required to pay, on or before February 17, 2017 (or if that date falls on a weekend or a holiday, the next business day thereafter), the Total Amount Due as set forth above plus any additional amounts that may become due prior to the date the default is cured.  Failure to cure the default on or before the date specified in this notice may result in acceleration of the sums secured by your Mortgage and sale of the property.  This notice further informs you or the right to reinstate after acceleration and the right to bring a court action to assert non-existence of a default or any other defense you might have to acceleration and sale.

(*Id.*).

24.     Notwithstanding the Notice of Default, Plaintiff did not cure the default by February 17, 2017, did not seek to reinstate the Loan after acceleration, and did not bring a court action to assert the non-existence of a default or other defense to the acceleration or a sale.  (*Id.* ¶ 10.)

25.     Thereafter, on June 29, 2017, Defendants held a foreclosure sale at the Property, and recorded a foreclosure deed in the Land Records on August 7, 2017 at Book 74121, Page 294 (the "Foreclosure Deed").  (A true and correct copy of a certified copy of the Foreclosure Deed attached hereto as Exhibit 8.)

Respectfully submitted,

**WELLS FARGO BANK, N.A. AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SPECIALIZED LOAN SERVICING, LLC,**

By their attorney,

*/s/ Joseph K. Scully*
Joseph K. Scully (#6217)
*jkscully@daypitney.com*
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
T: (860) 275-0135
F: (860) 881-2478

DATED:        May 1, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on May 1, 2018.

*/s/ Joseph K. Scully*
Joseph K. Scully