UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JEAN DEWITT                                      :
                                                :
v.                                              :        C.A. No. 18-00094-WES
                                                :
WELLS FARGO BANK, N.A. as Trustee               :
for MASTR ASSET BACKED SECURITIES               :
TRUST 2007-NCW, MORTGAGE                         :
ELECTRONIC REGISTRATION SYSTEMS,                 :
INC., SPECIALIZED LOAN SERVICING,               :
LLC                                             :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge


Pending before me for recommended disposition (28 U.S.C. § 636(b)(1)(B)) is Defendants' Motion for Summary Judgment. (ECF Doc. No. 10). Plaintiff opposes the Motion. (ECF Doc. No. 17). A hearing was held on August 9, 2018.[1] For the following reasons, I recommend that Defendants' Motion (ECF Doc. No. 10) be GRANTED.

**FACTS**

Defendants' Motion was accompanied by a Statement of Undisputed Facts as required by Local Rule Cv 56(a). (ECF Doc. No. 12). Plaintiff has not filed a Statement of Disputed Facts in compliance with Local Rule Cv 56(a)(3) and thus Defendants' facts are deemed admitted as follows:[2]

---

[1] Despite receiving notice from the Court, Plaintiff's counsel did not appear for the hearing. He was contacted by the Court and reached at his office. He participated telephonically in the hearing.

[2] Plaintiff does file an Affidavit but it does not controvert Defendants' Facts. (ECF Doc. No. 17-1). The Affidavit primarily affirms what Plaintiff has previously "alleged" in this case and also contains legal conclusions to be drawn from such allegations. As to the paragraph 22 Notice of Default, Plaintiff denies only that she received one with the requisite "specificity" and does not directly dispute receipt of the January 17, 2017 Notice of Default. Id. at p. 3. Thus, the Court concludes that Plaintiff received such Notice.

Plaintiff Jean Dewitt ("Plaintiff") executed a Promissory Note (the "Note") dated February 23, 2007 in favor of New Century Home Loans, Inc. ("New Century") memorializing an obligation to repay a loan in the principal amount of $276,000.00 with an initial fixed interest rate of 10.500% per annum (the "Loan").  The Note required Plaintiff to make monthly payments of principal and interest until the Loan was paid in full, but not later than February 23, 2037.  To secure payment of the Note, on February 23, 2007, Plaintiff executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee and "nominee for [New Century] and [New Century's] successors and assigns."  The Mortgage provides in bold typeface, "**MERS is the mortgagee under this Security Instrument."**  It also provides, under the heading entitled "TRANSFER OF RIGHTS IN THE PROPERTY," that "[Plaintiff] does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS,...the following described property located in…."

The Mortgage conveyed and encumbered real property located at 177 Magill Street, Pawtucket, Rhode Island 02860 (the "Property").  The Mortgage was recorded in the Office of the City Clerk, Pawtucket, Rhode Island (the "Land Records") on February 23, 2007 in Book L2822 at page 323.  With respect to the mortgagee's obligation to provide notice of a default to Plaintiff, as borrower, paragraph 22 of the Mortgage expressly provides that "[t]he notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."  Paragraph 19 of the Mortgage provides that the borrower may have enforcement of the Mortgage discontinued after acceleration, so long as she reinstates the Loan pursuant to the

conditions set forth in paragraph 19. Paragraph 19 does not contain any requirement that a notice of any type be provided to Plaintiff.

Pursuant to the terms of the Mortgage, Plaintiff agreed that the Mortgage would be discharged only if payments were made in accordance with the terms of the Note. Effective April 3, 2007, New Century sold its interest in the Note and transferred its servicing rights in the Loan to Bank of America, N.A. ("BOA"). On April 2, 2007, New Century filed for Bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court, District of Delaware, which was assigned Docket No. 1:07-bk-10416-KJC. On March 19, 2008, New Century filed a Notice of Rejection of Executory Contracts in the bankruptcy case at Doc. 5408, rejecting its contract with MERS. In February 2008, Plaintiff defaulted on her obligations under the Note and Mortgage by failing to make the payment due.

On September 13, 2013, MERS executed an assignment of mortgage to Wells Fargo (the "Assignment"), which was recorded in the Land Records on September 26, 2013 in Book L3654 at page 124. Specialized Loan Servicing, LLC ("SLS") is the current servicer of the Loan. On April 14, 2014, Plaintiff filed a Chapter 13 Bankruptcy Petition (the "Petition") in the United States Bankruptcy Court for the District of Rhode Island which was assigned Petition No. 14-10848 (the "Bankruptcy Action"). In her Petition, Plaintiff specifically lists the Loan as an arrearage and notes "Debtor is seeking a loan modification outside the bankruptcy court and outside the plan. Debtor is anticipating a successful modification and will incorporate the arrearage amount into a modification."

On September 4, 2014, Wells Fargo filed a Motion for Relief from the automatic stay (the "Motion for Relief") to foreclose "a mortgage which it holds on real property known as numbered at 177 Magill Street, Pawtucket, Rhode Island 02860." In the Motion for Relief,

Wells Fargo clearly indicated that it was the assignee of the Mortgage by virtue of an assignment dated September 19, 2014 which was recorded with the Land Records. Plaintiff objected to the Motion for Relief on September 22, 2014 arguing that she should be given "an opportunity to market the property and pursue a short sale" and, in the alternative, "she would be willing to execute a deed in lieu of foreclosure in order to avoid the potentially adverse effect that a foreclosure and advertising would have on her business." Plaintiff did not argue or raise in the Objection a claim that Wells Fargo was not the owner of the Loan or the assignee of the Mortgage. On October 1, 2014, after oral argument, the Bankruptcy Court granted Wells Fargo's Motion for Relief "to pursue its legal remedies under applicable non-bankruptcy law with respect to 177 Magill Street, Pawtucket, Rhode Island."

Following Plaintiff's failure to comply with her obligations under the Note and Mortgage, SLS, as servicer for the Loan, sent notice to Plaintiff of her default dated January 17, 2017 (the "Notice of Default"). (ECF Doc. No. 13-2). In pertinent part, the Notice of Default provides as follows:

> Our client informs us that you are in breach of the conditions of the loan documents[….]In order to cure the default, you are required to pay, on or before February 17, 2017 (or, if that date falls on a weekend or a holiday, the next business day thereafter), the Total Amount Due as set forth above plus any additional amounts that may become due prior to the date the default is cured….Failure to cure the default on or before the date specified in this notice may result in acceleration of the sums secured by your Mortgage and sale of the property. This notice further informs you of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and sale.

Id. Notwithstanding the Notice of Default, Plaintiff did not cure the default by February 17, 2017, did not seek to reinstatement the Loan after acceleration and did not bring a court action to assert the non-existence of a default or other defense to the acceleration or a sale. Thereafter, on

June 29, 2017, Defendants held a foreclosure sale at the Property, and recorded a foreclosure deed in the Land Records on August 7, 2017 at Book L4121, page 294 (the "Foreclosure Deed"). (ECF Doc. No. 12-8).

**Discussion**

This post-foreclosure challenge is brought in two counts. Count I seeks a Declaratory Judgment that the foreclosure and sale are void because MERS lacked authority to assign the Mortgage in issue to Wells Fargo and thus Wells Fargo had no properly-assigned interest in the Property upon which to foreclose.[3] Count 1 also seeks to enjoin Wells Fargo from conveying the Property and restoration of Plaintiff's legal title to the Property. Count II alleges breach of the mortgage contract. In particular, Count II contends that Plaintiff never received a notice of default with the specificity required by paragraphs 19 and 22 of the Mortgage.

Defendants challenge Plaintiff's claims on several grounds. First, they argue that R.I. Gen. Laws § 34-11-22 bars Plaintiff's claims because the foreclosure sale has already taken place. Second, they contend that New Century's 2008 termination of its contract with MERS as part of its 2007 bankruptcy filing is a red herring because Plaintiff had already transferred legal title to MERS as mortgagee by executing the Mortgage. Third, they contend that the termination by New Century is irrelevant because MERS was acting as a nominee for New Century and its successors and assigns, and it is undisputed that New Century sold its interest in the loan to BOA in 2007. Fourth, Defendants contend that Plaintiff's claims are barred by res judicata since she did not contest the validity of the assignment when Wells Fargo sought and received judicial

---

[3] In 2014, Wells Fargo successfully moved for relief from the automatic stay in Plaintiff's Chapter 13 bankruptcy to foreclose the Mortgage. In opposing such Motion, Plaintiff, represented by counsel, did not contend that Wells Fargo lacked authority to foreclose and, in fact, acknowledged the Mortgage and proposed executing a deed in lieu of foreclosure which "would pose little or no risk to the first mortgagee," Wells Fargo. (ECF Doc. No. 12-6 at p. 2).

authorization to proceed with foreclosure. Finally, Defendants contend that Count II fails because Plaintiff received the contractually-required Notice of Default.

After digesting the parties' arguments in the context of this effectively undisputed factual record, I conclude that this case involves a lawful foreclosure on a defaulted loan and that, pursuant to R.I. Gen. Laws § 34-11-22, the foreclosure sale and deed constitutes a "perpetual bar" as to Plaintiff's claim to legal title of the Property. As previously noted, Count I of Plaintiff's Amended Complaint turns on a challenge to the 2013 assignment of the Mortgage by MERS to Wells Fargo, the foreclosing entity. Plaintiff contends that the assignment is void <u>ab initio</u> because MERS had nothing to assign after New Century terminated its relationship with MERS in 2008 in the Delaware bankruptcy.

Plaintiff's argument fails as both a matter of fact and law, and relies upon a selective reading of the relevant documents. For instance, Plaintiff argues that MERS "purportedly assigned" the Mortgage to Wells Fargo "acting solely as nominee for New Century." (ECF Doc. No. 17 at p. 4). However, the 2013 Assignment identifies the Assignor as "MERS as nominee for New Century Mortgage Corporation its successor and assigns." (ECF Doc. No. 17-4 at p. 2). It is undisputable that MERS was the mortgagee. Plaintiff conveyed legal title to MERS in the mortgage. Plaintiff "mortgage[d], grant[ed] and convey[ed]" legal title to "MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successor and assigns of MERS." This language authorized MERS to assign the mortgage as it did to Wells Fargo, independent of the status of any agreement with the original lender New Century.

Plaintiff relies upon the Rhode Island Supreme Court's decision in <u>DiLibero v. MERS</u>, 108 A.3d 1013 (R.I. 2015). In <u>DiLibero</u>, the Court overturned an order granting a motion to dismiss and, crediting the plaintiff's allegations true pursuant to Rule 12, concluded that "when

New Century filed its rejection of the executory contract with MERS, the contract was breached and its relationship with MERS was terminated…[t]hus, the subsequent assignment of the mortgage executed by MERS to UBS would be void <u>ab initio</u> because the assignor, MERS, had nothing to assign." 108 A.3d at p. 1017 (<u>citing</u> <u>Culhane v. Aurora Loan Servs.</u>, 708 F.3d 282, 291 (1st Cir. 2013)). There are, however, two important distinctions that make <u>DiLibero</u> inapplicable. First, this is a Rule 56 and not a Rule 12 Motion with differing standards and burdens. Second, and more to the point, the Note here was sold and transferred by New Century to BOA in 2007, before New Century's 2008 rejection of its contract with MERS. (ECF Doc. No. 14). Pursuant to the mortgage, MERS was acting as nominee for New Century, as well as its assigns. Thus, it is indisputable on this record that MERS possessed an interest to assign as the nominee of BOA, New Century's assignee, and MERS assigned such interest to Wells Fargo in 2013. Plaintiff's argument that MERS' right to assign the mortgage was dependent on an agreement with New Century as the original holder for the Note is a red herring and provides no basis upon which to find that the Wells Fargo assignment was void <u>ab initio</u>. Accordingly, there is no factual or legal foundation for Plaintiff's claims for declaratory and injunctive relief in Count I, and I recommend that summary judgment enter in favor of Defendants.

As to Count II, Plaintiff contends that Defendants breached the mortgage contract "by failing to keep its obligations pursuant to the terms as agreed to found at paragraphs 19 & 22." (ECF Doc. No. 1-1 at ¶ 49). Paragraph 22 is headed as "Acceleration; Remedies," and requires notice prior to acceleration and sale. Paragraph 19 is headed "Borrower's Right to Reinstate After Acceleration," and outlines the conditions necessary for a borrower to discontinue a foreclosure action. Plaintiff challenges the specificity of the paragraph 22 Notice of Default provided to her on or about January 17, 2017. (ECF Doc. No. 13-2).

Plaintiff's breach of contract claim fails as a matter of fact and law. Paragraph 22 requires that the Lender give notice to the Borrower specifying (a) the default; (b) the action required to cure; (c) a deadline to cure; and (d) the consequences of failure to cure. It also requires the Lender to inform the Borrower of her right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. On or about January 17, 2017, Plaintiff received a Notice of Default meeting these contractual requirements. Plaintiff has failed to present any factual or legal basis upon which a finding of breach of contract could reasonably be found on this record. Accordingly, I recommend that summary judgment on Count II enter in favor of Defendants.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion for Summary Judgment (ECF Doc. No. 10) be GRANTED, and that the Court enter Final Judgment in favor of Defendants on all counts in Plaintiff's Amended Complaint.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 16, 2018