UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
JEAN DEWITT,                        )
                                    )
    Plaintiff,                      )
                                    )
        v.                          )   C.A. No. 18-094-WES
                                    )
WELLS FARGO BANK, N.A. as Trustee   )
for MASTR ASSET BACKED SECURITIES   )
TRUST 2007-NCW, MORTGAGE            )
ELECTRONIC REGISTRATION SYSTEMS,    )
INC., SPECIALIZED LOAN SERVICING,   )
LLC,                                )
                                    )
    Defendants.                     )
_____ )

## ORDER

WILLIAM E. SMITH, Chief Judge.

On August 17, 2018, Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R. & R.") (ECF No. 22) recommending that the Court grant Defendants' Motion for Summary Judgment (ECF No. 10) because the Defendants executed a lawful foreclosure on Plaintiff's defaulted loan and that, pursuant to R.I. Gen. Laws § 34-11-22, the foreclosure sale and deed constitute a "'perpetual bar" as to Plaintiff's claim to legal title of the property located at 177 Magill Street, Pawtucket, Rhode Island 02860.  Although Plaintiff objected to the R. & R. (ECF No. 23), her objection was neither timely nor in compliance with this Court's local rules. As

1

such, Plaintiff has waived her right to district court review. See LR Cv 72(d)(1).

The deadline for Plaintiff to file her objection to the R. & R. was August 31, 2019 – fourteen days after Magistrate Judge Almond issued his R. & R. Plaintiff's objection was filed four days later, on September 4, 2018, without any explanation or commentary about its tardiness. Additionally, Plaintiff's objection is substantively deficient: it does not include any "specific objections" to the R. & R. and instead simply restates her arguments in opposition to Defendants' Motion for Summary Judgment. By failing to properly and timely object to the R. & R., Plaintiff has waived her right to district court review. LR Cv 72(d)(1) ("Failure to file specific objections and order the transcript in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.").

Moreover, even if Plaintiff's objection had been timely and substantively adequate, the Court has reviewed the R. & R.'s reasoning and agrees with Magistrate Judge Almond's conclusions. As to Count 1, Mortgage Electronic Registration Systems, Inc. ("MERS") indisputably had the authority to assign the mortgage as it did to Wells Fargo, the foreclosing entity. See 2013 Assignment, ECF No. 17-4; Aff. Nichole Renee Williams ¶ 5, ECF No. 14. As such, there is no factual or legal foundation for

2

Plaintiff's claims for declaratory and injunctive relief in Count I.  As to Count 2, the record reflects that Plaintiff received a valid and proper Notice of Default, which met the requirements of Paragraphs 19 and 22.  See Mortgage Agreement 11, 13, ECF No. 12-1; Notice of Default, ECF No. 13-2.  As such, Plaintiff has failed to present any factual or legal basis upon which a finding of breach of contract could reasonably be found.

Accordingly, the Court OVERRULES Plaintiff's objections and ACCEPTS the R. & R. (ECF No. 22) in its entirety and adopts its recommendations and reasoning.  For the reasons articulated by Magistrate Judge Almond, Defendants' Motion for Summary Judgment (ECF No. 10) is GRANTED and Plaintiff's Complaint (ECF No. 1-1) is DISMISSED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  March 18, 2019